

Michael R. Weiss

Akerman LLP
601 West Fifth Street
Suite 300
Los Angeles, CA 90071

D: 213 533 5913
T: 213 688 9500
F: 213 627 6342
DirF: 213 599 2663
michael.weiss@akerman.com

February 9, 2023

<u>**VIA ELECTRONIC FILING**</u>

Clerk of the Court
United States Court of Appeals for the Ninth Circuit
The Richard H. Chambers Courthouse
125 South Grand Avenue
Pasadena, California 91105

    Re:    *MSP Recovery Claims, Series LLC, et al. vs. Farmers Insurance Exchange, et al.*
             9th Cir. Case Nos. 22-55610 & 22-55613
             <u>Submission of Supplemental Authority, Fed. R. App. P. Rule 28(j)</u>

To the Clerk of the Court:

      Appellees Farmers Insurance Exchange *et al.* ("Farmers") submit this letter to inform the Court of the following recent pertinent supplemental authority.

      In *MAO-MSO Recovery II, LLC v. Mercury General* ("*Mercury*"), 2023 WL 1793469 (C.D. Cal. Feb. 7, 2023), involving the same two Appellants as in the above-referenced consolidated appeals, the Ninth Circuit Court of Appeals rejected Appellants' arguments and affirmed the District Court's dismissal of claims against insurer Mercury General for lack of standing, holding "unpled 'data matching exemplars'" cannot provide standing:

> Appellants' contention that they can rely on unpled injuries to establish standing over a case involving entirely unrelated injuries is foreclosed by well-established case law. Standing "is not dispensed in gross"; instead, "a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." [Citations omitted.]. *Mercury* at *2.

In addition, the Court held that Appellants' assignor Trinity Physicians, LLC could not have assigned to Appellants its rights of recovery to the claims related to D.M. because Trinity had already assigned such rights to another entity. *Mercury* at *2.

      *Mercury* supports Farmers' arguments in the above-referenced appeals in two respects. First, *Mercury's* holding that unpled "data matching exemplars" cannot support standing for alleged claims "involving unrelated injuries," and that Appellants must demonstrate standing for

Clerk of the Court
United States Court of Appeals for the Ninth Circuit
February 9, 2023
Page 2

_____

each alleged claim, supports Farmers' arguments and the District Court's findings that Appellants' claims in their Fourth Amended Complaints do not and cannot "relate back to the filing of the initial complaint on March 31, 2017" that did not allege those claims, that 129 of Appellants' 151 claims thus were time-barred, and that these determinations should be affirmed on appeal. *See* Appellees' Answering Brief ("AAB") 53-58 and Appellants' Excerpts of Record 1-ER-24-25, 47-48. Second, *Mercury's* holding that the Trinity assignment did not convey recovery rights to Appellants supports Farmers' argument made on summary judgment and preserved on appeal that Appellants have no evidence their MAO-subcontractor assignors owned the rights allegedly assigned to Plaintiffs for claims alleged in the two cases. *See* AAB 64-65 and Appellants' Supplemental Excerpts of the Record 141-142, 178-179.

Respectfully submitted,

*Michael Weiss* and *Valerie Greenberg*

Michael R. Weiss and Valerie Greenberg of
**AKERMAN LLP**

Word Count: 347 words (FRAP 28(j) and 9th Cir. R. 28-6)

68617582;3